# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

       v.

DAVID NEWLAND, ET AL.

                Defendants.

Case No.: 17-CR-623-JLS

ORDER EXCLUDING TIME FROM THE SPEEDY TRIAL CLOCK FROM MARCH 14, 2017 TO SEPTEMBER 22, 2017 PURSUANT TO 18 U.S.C. §§ 3161(h)(1)(D), (E), AND (h)(7)

The Court finds as follows:

1.     On March 21, 2017, the parties (save Defendants DeGuzman, Loveless, and Shedd) appeared for arraignment on the Indictment in this matter. Doc. No. 38. At the hearing, the United States described a factual basis under 18 U.S.C. § 3161(h), including the unusual and complex nature of the case, the voluminous discovery produced to the defendants, and defense counsel's need for time to review the voluminous materials and to evaluate how to defend the case, supporting the conclusion that the ends of justice are best served by tolling the Speedy Trial clock and that such tolling outweighs the interests of the public and the defendants in a more expeditious trial.

2.     A status conference was held before this Court on April 14, 2017, at which time the United States reiterated its analysis under 18 U.S.C. § 3161(h). All defense counsel concurred.

3.     On April 24, 2017, the parties filed a joint motion requesting to exclude time under the Speedy Trial Act from March 14, 2017, the date the Indictment was unsealed and the date that defendants DeGuzman and Loveless first appeared before a judicial officer of this District, until September 22, 2017, the date set for the motion hearing and trial setting in this matter.

4.     In the joint motion, the parties described a factual basis under 18 U.S.C. § 3161(h)(7), in that the ends of justice had and continue to outweigh the interests of the public and the defendants in a more expeditious trial, including the unusual and complex nature of the case, the possibility of novel

issues of fact and law, the voluminous discovery produced to the defendants, and defense counsel's need for additional time to review the materials and to evaluate how to defend the case.

5. The Court hereby makes explicit findings supporting its conclusion that the time between March 14, 2017 and September 22, 2017 shall be excluded from the Speedy Trial Act, as follows:

6. The Court finds, based on the factors outlined in 18 U.S.C. § 3161(h)(7)(B)(i), (ii), and (iv), as set forth below, that the ends of justice are served by excluding time for Speedy Trial Act purposes and outweigh the interest of the public and the defendants in a more expeditious trial.

7. Discovery in this case is voluminous. The Court is familiar with the nature of discovery in this investigation and the related cases, such as <u>United States v. Misiewicz</u>, 15-CR-0033-JLS. As represented by the United States, the discovery consists of terabytes of data, including documents obtained from overseas, hundreds of interview reports, contract documents, and correspondence. The United States has produced voluminous discovery to the defense and is making additional discovery collected as part of the broader investigation available, as requested.

8. As described in the joint motion, as a result of the volume of discovery and the time needed to review and make effective use of that discovery, the defense has required and continues to require additional time to review the discovery and to evaluate how to defend the case.

9. The Court finds that this case is also complex due to the nature of the crimes alleged, the extraterritorial nature of those crimes, the potential for novel or complex factual and legal issues, as well as the fact that many witnesses to these crimes were and may continue to be located outside the United States, among others. 18 U.S.C. § 3161(h)(7)(B)(ii).

10. As recited by the parties in the joint motion and also in this Order, the Court finds that the failure to grant such a continuance would result in a miscarriage of justice; that the case is so complex that it is unreasonable to expect adequate preparation for pretrial proceedings within the time limits otherwise prescribed by the Speedy Trial Act; and that failure to grant such a continuance would deny

2

counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. 18 U.S.C. § 3161(h)(7)(B)(i), (ii), (iv).

11.     The Court also finds that time shall be independently excluded from March 14, 2017 to April 14, 2017, 18 U.S.C. § 3161(h)(1)(E), based on the period of delay caused by and resulting from out-of-district proceedings "relating to the transfer of a case or the removal of [a] defendant from another district under the Federal Rules of Criminal Procedure." 18 U.S.C. § 3161(h)(1)(E).

12.     The Court further finds that time shall be independently excluded from March 30, 2017 to September 22, 2017 under the Speedy Trial Act, 18 U.S.C. § 3161(h)(1)(D), based on the pending defense motions pertaining to discovery, the first of which was filed on March 30, 2017 (Doc. No. 78), and the need to address the issues raised in those motions. Defense discovery motions remain pending, and there have been since filing and continue to be open discovery matters that had not yet been resolved by a hearing or other disposition as envisioned by 18 U.S.C. § 3161(h)(1)(D).

WHEREFORE, good cause having been shown, and as described above, pursuant to 18 U.S.C. §§ 3161(h)(1)(D), (E) and 18 U.S.C. § 3161(h)(7), it is hereby ORDERED that the time from March 14, 2017 to September 22, 2017 is excluded from Speedy Trial Act calculations.

IT IS SO ORDERED.

Dated: April 26, 2017

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge

3