# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DAVID NEWLAND, ET AL.<br><br>　　　　　　　　　　Defendants. | Case No.: 17-CR-623-JLS<br><br>ORDER EXCLUDING TIME FROM SEPTEMBER 22, 2017 TO APRIL 13, 2018, UNDER 18 U.S.C. § 3161(h)(1)(D)-(F) AND 18 U.S.C. § 3161(h)(7) |

The Court finds as follows:

1. On September 22, 2017, the parties appeared before the Court for a hearing. At the hearing, the United States described a factual basis under 18 U.S.C. § 3161(h)(7), including the unusual nature of the case, the voluminous discovery produced to the defendants, and defense counsel's need for time to review the voluminous materials and to evaluate how to defend the case, supporting the conclusion that the ends of justice are best served by tolling the Speedy Trial clock and that such tolling outweighs the interests of the public and the defendants in a more expeditious trial. At the hearing, all defense counsel requested a continuance of the hearing, and concurred with the United States' analysis regarding excluding time from Speedy Trial Act calculations.

2. On October 12, 2017, the parties filed a joint motion requesting to exclude time under the Speedy Trial Act from the September 22, 2017 hearing, until April 13, 2018, the new date set for the status hearing in this matter.

3. In the joint motion, the parties also described a factual basis under 18 U.S.C. § 3161(h)(7), in that the ends of justice had and continue to outweigh the interests of the public and the defendants in a more expeditious trial, including the unusual nature of the case, the voluminous discovery produced to the defendants, and defense counsel's need for additional time to review the materials and to evaluate how to defend the case.

4. The Court hereby makes explicit findings supporting its conclusion that the time between September 22, 2017 and April 13, 2018 shall be excluded from the Speedy Trial Act calculation, as follows:

5. The Court finds, based on the factors outlined in 18 U.S.C. § 3161(h)(7)(B)(i), (ii), and (iv), as set forth below, that the ends of justice are served by excluding time for Speedy Trial Act purposes and outweigh the interest of the public and the defendants in a more expeditious trial.

6. Discovery in this case is voluminous. The Court is familiar with the nature of discovery in this investigation and the related cases, such as <u>United States v. Misiewicz</u>, 15-CR-0033-JLS. As represented by the United States, the discovery consists of terabytes of data, including documents obtained from overseas, hundreds of interview reports, contract documents, and correspondence. The United States has produced voluminous discovery to the defense and is making additional discovery collected as part of the broader investigation available, as requested.

7. As described in the joint motion, as a result of the volume of discovery and the time needed to review and make effective use of that discovery, the defense has required and continues to require additional time to review the discovery and to evaluate how to defend the case.

8. The Court finds that this case is also complex due to the nature of the crimes alleged, the extraterritorial nature of those crimes, the potential for novel or complex factual and legal issues, as well as the fact that many witnesses to these crimes were and may continue to be located outside the United States, among others. 18 U.S.C. § 3161(h)(7)(B)(ii).

9. As recited by the parties in the joint motion and also in this Order, the Court finds that the failure to grant such a continuance would result in a miscarriage of justice; that the case is so complex that it is unreasonable to expect adequate preparation for pretrial proceedings within the time limits otherwise prescribed by the Speedy Trial Act; and that failure to grant such a continuance would deny counsel the reasonable time necessary for effective preparation, taking into account the exercise of due

diligence. 18 U.S.C. § 3161(h)(7)(B)(i), (ii), (iv).

10. The Court also finds that time shall be excluded under the Speedy Trial Act, 18 U.S.C. § 3161(h)(1)(D), based on the pending defense motions pertaining to discovery, and the need to address the issues raised in those motions. Defense discovery motions remain pending, and there have been since filing and continue to be open discovery matters that had not yet been resolved by a hearing or other disposition as envisioned by 18 U.S.C. § 3161(h)(1)(D).

WHEREFORE, good cause having been shown, and pursuant to 18 U.S.C. § 3161(h)(1)(D)-(F) and 18 U.S.C. § 3161(h)(7)(A) (in the interests of justice and the complexity of the case, among other factors) it is hereby ORDERED that the time from September 22, 2017 to April 13, 2018 is excluded from Speedy Trial Act calculations.

IT IS SO ORDERED.

Dated: October 13, 2017

Hon. Janis L. Sammartino
United States District Judge