ROBERT S. BREWER, JR.
United States Attorney
Mark W. Pletcher (Colorado Bar No. 34615)
Robert S. Huie (California Bar No. 237374)
Assistant U.S. Attorneys
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101
Tel: (619) 546-9714
Email: mark.pletcher@usdoj.gov

ROBERT ZINK
Chief, Fraud Section, Criminal Division
Brian R. Young (D.C. Bar 1656762)
Assistant Chief, Fraud Section
Tel: (202) 616-3114
Email: brian.young4@usdoj.gov

Attorneys for the United States

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 17-CR-0623-JLS |
| v. | **UNITED STATES' RESPONSE TO DEFENDANT'S STATUS REPORT REGARDING DISCOVERY** |
| DAVID NEWLAND ET AL., | |
| Defendants. | Date: June 5, 2020 |
| | Time: 2:30 p.m. |
| | The Honorable Janis L. Sammartino |

The United States of America, by and through its counsel, Robert S. Brewer, Jr., United States Attorney, and Mark W. Pletcher and Michelle Wasserman, Assistant U.S. Attorneys; and Robert Zink, Chief, Fraud Section, Criminal Division, and Brian R. Young, Deputy Chief, Fraud Section, submits this response in opposition to defendant Newland's Status Report Regarding Discovery, ECF No. 353.

//

//

1    Less than 24 hours before the next scheduled hearing in this case, and without first

2    attempting to meet and confer about the filing, counsel for Mr. Newland has submitted

3    another "Status Report Regarding Discovery," in which he again accuses the government

4    of misconduct with respect to its discovery efforts.  The written correspondence between

5    the parties makes clear that Mr. Newland either does not know what he has received in

6    discovery[1] or that he has made a misrepresentation to the Court about the materials that the

7    government provided.  His defense team's inconsistent discovery demands and refusal to

8    answer written requests for clarification confirm that Mr. Newland is less interested in

9    obtaining materials to assist his defense than he is in attempting to manufacture claims of

10   misconduct.

11                              **BACKGROUND**

12   As the Court is aware, the Naval Criminal Investigative Service (NCIS) tracks

13   evidence collected in the investigation by assigning a log number to each item.  The United

14   States has provided the defense with an inventory of every log number collected as part of

15   the investigation and invited counsel to request discovery by identifying the log number of

16   the item sought.

17   On March 19, 2020, Brian Young, a DOJ attorney, Mr. Young's paralegal, and Jason

18   Silva, a consultant for Cornerstone Discovery retained by Mr. Newland, had a telephone

19   conversation about discovery.  While some aspects of this conversation appear to be in

20   dispute, subsequent email correspondence makes clear that the parties agreed that the

21   United States would produce a single evidence item (logged as 81-19A) and that Mr.

22   Newland reserved the right to make further requests after reviewing that item.  *See* ECF

23   No. 353-4 at 3 (Exhibit C) ("while reserving the right to ask for further productions, Mr.

24   Silva requested production of 81-19A, and is sending a drive on which to load its

25   contents").  Mr Young then sent an email to Mr. Newland's team confirming that item 81-

26

27   _____

28   [1] Mr. Newland's history of accusing the government of misconduct for failing to produce
     discovery items that he had in his possession is documented.  *See* ECF No. 340 at 2-3.

Case No. 17-CR-0623-JLS

1   19A would fit on a 100GB drive and requesting that counsel provide one, which they did.

2   *See* Exhibit D.[2]

3       After the call concluded, Mr. Mancano, who did not participate in the call, sent an

4   email that muddied the waters by requesting the production of "the ENTIRE GDMA

5   database that is maintained in San Diego," which is *not* the resolution that had been reached

6   only hours before.  ECF No. 353-4 at 3 (Exhibit C).  So in an email to Mr. Silva on March

7   25, 2020, the government sought clarification: "On our call, you asked for 81-19A and said

8   that, while you reserved the right to make further requests, you intended to review the

9   contents of 81-19A before seeking additional items . . . in light of Mr. Mancano's email, I

10  am asking for guidance from you and counsel about whether your pending request is for

11  81-19A alone (subject to the ability to ask for further productions after you review 81-19A)

12  or whether you are *now* asking us to produce items beyond 81-19A."  *See* Exhibit E

13  (emphasis added).  The government's email went unanswered and is absent from Mr.

14  Mancano's "status report."

15      The government produced the contents of 81-19A in two different formats.  On April

16  6, 2020, the government produced a "forensic image" of item 81-19A and specified in its

17  production letter that "[w]e will make a subsequent load-ready production that includes

18  bates numbers."  Exhibit F.  This was the government's 26th production.  Notably, Mr.

19  Newland's brief, which complains about not receiving a forensic image, does not advise

20  the Court that this production occurred.[3]  And Mr. Silva attested in paragraph 13 of his

21  sworn declaration that "no forensic images have been produced."  ECF No. 353-3 (Exhibit

22  B).  On May 5, 2020, the government then re-produced, via overnight delivery, item 81-

23

24  [2] Mr. Newland's motion attaches Exhibits A-C.  The government has marked its exhibits
    as D-I, so as to avoid redundantly marked exhibits.
25

26  [3] Any defense that Mr. Mancano was unaware of the April 6, 2020 production is
    unavailable.  The government's paralegal emailed him a copy of the production cover
27  letter on April 6, 2020 and Fedex receipts confirm that the package arrived at his office
    on April 7, 2020.  *See* Exhibits H and I.
28

Case No. 17-CR-0623-JLS

19A in a load-ready format (this was the government's 28th discovery production). *See* Exhibit G. [4]

## **ARGUMENT**

Mr. Newland's status report is disturbing in two respects. First, the following assertion mislead the Court about the status of the government's discovery production: "[i]t was not until May 6, 2020, almost two (2) months later, that [the defense] received government Production 28, consisting of a load file, not forensic images as requested and promised, of more than 400,000 email [sic] from 209-16A." [5] And Mr. Silva attested that "no forensic images have been produced." The suggestion that the government's production was untimely and in the wrong format is disingenuous because Mr. Newland's brief omitted the key fact that, on April 6, 2020 (one month earlier), the government had produced the very same materials in a forensic image, which is the format that he requested. This critical missing fact makes clear that the government produced an image (the requested format) of item 81-19A on April 6 and that it re-produced the same materials a month later in a different format that accommodated bates numbers. It is simply *not* the case that the government produced these materials for the first time on May 6 in load-ready format, as Mr. Newland's papers assert.

---

[4] An "image" is a replica of the contents of a storage device. A load file is a file that helps load and organize information in e-discovery software in a manner that is searchable. The government first produced an image of the evidence because that was the format requested by the defense and then subsequently produced a load-ready file so that the parties had a bates numbered copy.

[5] Mr. Newland's reference to item 209-16A appears to be a mistake, as the production cover letters make absolutely clear that production number 28 consisted of item 81-19A. *See* Exhibit G. This is further evidence that Mr. Newland does not have a firm grasp of the discovery in his possession. The government has made several productions of the defendants' unclassified emails from item 209-16A, notably including a production on February 21, 2019 (production 14).

4

The second problem with Mr. Newland's filing is that it confirms that his team made a discovery request, seemingly then shifted the goal posts, and declined to respond to the government's written request for clarification.   On March 19, 2020, the parties had a telephone conversation in which they agreed that the government would provide a specific item of evidence which the defense would review before propounding additional requests. On March 20, 2020 the government sent an email confirming that this particular piece of evidence would fit on a 100GB hard drive – nobody from the defense replied that there had been a misunderstanding or that this was something other than what the defense had requested (Exhibit D).   On March 25, 2020, the government sent an email (Exhibit E) confirming that the parties had agreed that the government would produce the evidence in question and specifically inquiring whether the defense was seeking anything in addition – Mr. Newland did not respond.   On April 6 and May 5, the government produced this evidence in two different formats (Exhibits F and G) – nobody from Mr. Newland's team provided any indication that this production was something other than what Mr. Newland had requested and what the government had agreed to provide.

This history – and the timing of Mr. Mancano's 11th hour filing – demonstrates that he is interested in making misconduct allegations, not obtaining additional documents. Rather than advise the government that he viewed its discovery production of April 6, 2020 as insufficient, Mr. Newland stayed silent for two months and then fired off a status report accusing the government of misconduct less than 24 hours before a status conference.[6]  In light of how Mr. Newland's team has approached the discovery process, his attacks on the government are unwarranted and unfair.

---

[6] This is not the first time in this case that Mr. Mancano has filed a status report making accusations of discovery misconduct without first making a good faith effort to resolve the issue.  *See* ECF. No. 306.

Case No. 17-CR-0623-JLS

1

DATED: June 5, 2020

Respectfully submitted,

2

3

ROBERT S. BREWER, JR.
United States Attorney

4

5

/s/ Mark W. Pletecher

6

Mark W. Pletcher
Assistant United States Attorney

7

8

/s/ Brian R. Young

9

Deputy Chief, Fraud Section

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. 17-CR-0623-JLS