UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) No. 17-CR-0623-JLS |
| | ) |
| | ) ORDER EXCLUDING TIME UNDER THE |
| | ) SPEEDY TRIAL ACT FROM APRIL 20, |
| v. | ) 2021 UNTIL NOVEMBER 1, 2021 |
| | ) |
| | ) |
| DAVID NEWLAND, ET AL., | ) |
| | ) |
| Defendants. | ) |

The Court finds as follows:

1.    The sealed Indictment in this case was returned on March 10, 2017.  Doc. 1.  Many of the defendants were arrested outside the Southern District of California on or about March 14, 2017, and those defendants made their initial appearance in the respective Districts of their apprehension.  Those defendants' cases were removed and transferred to the Southern District of California. The United States moved to unseal the Indictment on March 14, 2017, and the Court granted that motion on the same day. Doc. 13.

2.    The Court has previously excluded all time from the return of the Indictment on March 14, 2017 through April 20, 2021 from the Speedy Trial Act calculation in this matter.  Doc. 453.

3.    After initial joint motion from the parties, Doc. 101, time from March 14, 2017 through December 3, 2018 was excluded from the Speedy Trial Act calculation by written order.  Docs. 103, 141, 161.

4.    As early as March 30, 2017 defendants filed the first of dozens of pretrial motions, see, Docs. 78, 81, 88, 93, 162, 204, 206, 207, 217, 224, 227, 414.  Evidentiary hearings on some of defendants'

motions ensued. Docs. 292, 293, 308, 309.  Supplemental briefing on certain issues followed.  Docs. 183, 229, 267, 270, 318, 319, 320, 403, 406.  Certain of defendants' motions regarding trial or witness issues remain pending. See, e.g., Docs. 78, 81, 88, 93, 382.

5.  On November 5, 2019, the Court set a trial date of January 11, 2021, and based on pending motions and the ends of justice, with the agreement of all defendants, excluded time between November 5, 2019 and January 11, 2021 from the Speedy Trial Act calculation.

6.  On March 17, 2020, due to the COVID-19 pandemic, Chief Judge Larry A. Burns declared a judicial emergency in the Southern District of California, which has been continued by subsequent Orders of the Chief Judge until at least March 8, 2021. OCJ 60.

7.  On August 28, 2020, the Court vacated the January 11, 2021 trial date due to inability to hold trial during a global pandemic.

8.  On November 19, 2020, the Court held a status conference. Owing to the continued exigency of the global pandemic and the current trial plan in the SDCA, the Court set further status for February 10, 2021, and excluded time from January 11, 2021. Doc. 418. That date was continued sua sponte by the Court until March 19, 2021, and time further excluded via minute order.  Doc. 427.  That date was further continued to April 20, 2021, Doc. 441, and again until April 29, 2021, Doc. 456, and again until May 6, 2021 to accommodate additional briefing by the parties. Doc. 457.  Time was excluded in each instance by minute order. See e.g. Docs. 456, 457.

2

9.   At the motion hearing on May 6, 2021, the Court denied defendants' pending substantive motions, Docs. 432, 437, and set trial in this matter for November 1, 2021.  Doc. 490.

10. As the Court has previously found, this case is an extraordinarily complex and unusual public corruption case enveloping the United States Navy, involving many defendants and witnesses.

11.  Discovery in this case has been voluminous, consisting of terabytes of data, including documents obtained from overseas, hundreds of interview reports, contract documents, and correspondence, as well as materials produced pursuant to CIPA.

12.  This case is also complex due to the nature of the crimes alleged, the extraterritorial nature of those crimes, the potential for novel or complex factual and legal issues, as well as the fact that many witnesses to these crimes were and may continue to be located outside the United States, among others reasons.

13.  The parties continue to exercise due diligence. As such, failure to grant the requested continuance would deny counsel the reasonable time necessary for effective preparation and result in a miscarriage of justice.  18 U.S.C. § 3161(h)(7)(B)(i),(ii),(iv).

14.  A continuance is also warranted and time excluded from the Speedy Trial Act calculation due to the global coronavirus pandemic, as set forth in the various OCJs in this District.

15.  In addition, time is properly excluded from the Speedy Trial clock because defense motions remain pending.  The Court has considered and resolved scores of motions in this case, and there

3

have been and continue to be open matters that have not yet been resolved by hearing or other disposition. 18 U.S.C. § 3161(h)(1)(D).

16.   The Court, therefore, finds that the time from April 20, 2021 through November 1, 2021 has been and shall be excluded under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A), on the grounds that the ends of justice served by such a continuance outweigh the best interest of the public and the defendants in a speedy trial.

17.   In making this finding, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B).  Based on the complexity of the case as discussed in court and as described in the parties' previous motions, as well as the current judicial emergency in the Southern District of California, the Court finds that the failure to grant such a continuance would result in a miscarriage of justice; that the case is so complex that it is unreasonable to expect adequate preparation for pretrial proceedings and trial within the time limits otherwise prescribed by the Speedy Trial Act; and that failure to grant such a continuance would deny counsel the reasonable time necessary for effective preparation, taking into account the exercise of continued due diligence.

18.   The Court additional finds that such time is independently excluded based on defendants' continuously pending motions, which have not yet been resolved by hearing or other disposition.

4

1   WHEREFORE, good cause having been shown, and pursuant to 18

2   U.S.C. § 3161(h)(7)(B) (in the interests of justice, based on the

3   current judicial emergency, the complexity of the case, etc.), as

4   well as defendants' pending motions, 18 U.S.C. § 3161(h)(1)(D), it

5   is hereby ORDERED that the time from April 20, 2021 until November

6   1, 2021 has been and is excluded from Speedy Trial Act calculations.

7   IT IS SO ORDERED.

8

9   Dated: May 17, 2021

10   *Janis L. Sammartino*
    Hon. Janis L. Sammartino
    United States District Judge

5