UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DAVID NEWLAND (1),<br><br>Defendant. | Case No.: 17CR0623-JLS<br><br>**ORDER:**<br><br>**1) GRANTING MOTION TO INTERVENE FOR LIMITED PURPOSE OF MOVING TO EXEMPT ROBERT GONZALES FROM WITNESS EXCLUSION;**<br><br>**2) DENYING MOTION TO EXEMPT ROBERT GONZALES FROM WITNESS EXCLUSION; and**<br><br>**3) DENYING MOTION TO INTERVENE FOR PURPOSE OF QUASHING SUBPOENA TO TESTIFY OF WITNESS ROBERT GONZALES** |

Pending before the Court are a Motion to Intervene for Limited Purpose of Moving to Exempt Robert Gonzales from Witness Exclusion (ECF No. 808) and a Motion to Intervene for Purpose of Quashing Subpoena to Testify of Witness Robert Gonzales (ECF No. 825). The Court has fully considered both motions and the oppositions filed by Defendant Newland and will grant the limited motion to intervene but will deny the motions to exempt Intervenor Gonzales from witness exclusion and to intervene for the purposes of quashing his subpoena.

## Discussion

Intervenor Robert Gonzales is a former naval officer who served in the Seventh Fleet with several of the defendants in this case. Mr. Gonzales was interviewed by Government agents in connection with this case and, according to Defendant Newland, participated in

Seventh Fleet scheduling conferences which determined ship schedules. Defendant Newland served Mr. Gonzales with a subpoena on February 28, 2022, the first day of trial, and subsequently moved to exclude him from the courtroom pursuant to Federal Rule of Evidence 615. Consistent with its prior order excluding witnesses, the Court ordered Mr. Gonzales excluded from the courtroom.

Mr. Gonzales contends that he should be exempt from the exclusion order because he would assert his Fifth Amendment privilege if called to testify as a witness. The Supreme Court has held that in order to sustain a claim of Fifth Amendment privilege, "it need only be evident from the implications of the question, in the setting in which it is asked, that a responsive answer to the question or an explanation of why it cannot be answered might be dangerous because injurious disclosure could result." *Hoffman v. United States*, 341 U.S. 479, 486-87 (1951). The witness must be faced with substantial hazards of self-incrimination that are real and appreciable, and must have reasonable cause to apprehend such danger from direct answers to questions asked. *United States v. Neff*, 615 F.2d, 1235, 1239 (9th Cir.), cert. denied, 447 U.S. 925 (1980). The Ninth Circuit has recognized that a proper application of the *Hoffman* standard requires that the Fifth Amendment claim be raised in response to specific questions, thus a blanket refusal to answer any question is unacceptable. *United States v. Pierce*, 561 F.2d 735, 741 (9th Cir. 1977), cert. denied, 435 U.S. 923 (1978).

Here, Mr. Gonzales has not established a good-faith belief that his trial testimony would incriminate him. "When balancing the Sixth Amendment right of the accused and the Fifth Amendment right of a witness, the trial judge must make an appropriate inquiry into the basis of the privilege claimed by the witness and may not permit the witness to refuse to testify where the witness has no good-faith basis for invoking the privilege or a narrow privilege would adequately protect the witness." *United States v. Vavages*, 151 F.3d 1185, 1192 (9th Cir. 1998) (citations omitted). Currently, the Court has insufficient information to perform this analysis and thus is not able to determine whether Mr. Gonzales may properly assert any Fifth Amendment privilege. Accordingly, the Court cannot relieve

Mr. Gonzalez of his obligations as a potential witness in this matter simply upon his blanket assertion that he intends to invoke the privilege.

Mr. Gonzales also suggests that he should be free from exclusion from the courtroom to protect the exercise of his First Amendment rights as a member of the media. However, Mr. Gonzales is not a member of the media, he is a retired naval officer working on a doctorate dissertation focused on leadership issues in the United States Navy. Furthermore, the Court is not persuaded that the subpoena was issued in bad faith or for the purposes of harassment as Mr. Gonzales appears to have been a witness to events charged in this case and was interviewed by case agents. Thus, the authorities cited by Mr. Gonzales involving official harassment of the press are inapposite.

Finally, the Court declines to permit Mr. Gonzales to intervene in this matter for the purposes of quashing the subpoena. The basis asserted by Mr. Gonzales to support a motion to quash is that the subpoena is unreasonable and oppressive because Mr. Gonzales has a valid Fifth Amendment right not to testify. However, as discussed previously, the Court will not be in a position to determine whether there is a valid basis to invoke the Fifth Amendment privilege until Mr. Gonzales is called as witness. Therefore, the asserted basis for the motion to quash the subpoena is not colorable at this time.

## Conclusion

For the reasons set forth above, Intervenor Gonzales' Motion to Intervene for Limited Purpose of Moving to Exempt Robert Gonzales from Witness Exclusion is Granted in part to permit intervention, but **Denied** on the merits. Intervenor's Motion to Intervene for Purpose of Quashing Subpoena to Testify of Witness Robert Gonzales is **Denied**.

IT IS SO ORDERED.

Dated: April 18, 2022

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge